# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DML Advisors, Inc., et al., | Case No. 2:22-cv-00856-RFB-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| David Wang, | |
| Defendant. | |

Before the Court is Defendant's motion to stay discovery. ECF No. 16. Plaintiffs responded (ECF No. 24), and Defendant replied (ECF No. 26).

**I.    Background**

Defendant moves to stay discovery pending the resolution of its motion to compel arbitration and motion to dismiss. ECF No. 16 at 2. Defendant argues that the motions are potentially dispositive, that they can be decided without additional discovery, and that the motions are "sufficiently meritorious to warrant a stay." *See* ECF No. 16.

Plaintiffs disagree. ECF No. 24. Plaintiffs argue that Defendant's motions are not dispositive, that discovery could be helpful, and that the motions are not meritorious. *See id.*

**II.   Legal Standard**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd.*

*v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

While this Court has previously noted the downsides of the preliminary peek test (*see Schrader v. Wynn Las Vegas, LLC*, No. 219CV02159JCMBNW, 2021 WL 4810324 (D. Nev. Oct. 14, 2021)), Defendant only moves to stay discovery based on the preliminary peek test here.

**III.   Analysis**

The Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary peek at Defendant's dispositive motions. Having conducted this preliminary peek, the Court is not convinced that Plaintiffs will be unable to proceed on their claims in federal court.[1] First, the Court is not convinced that Defendant will be able to enforce the relevant arbitration provisions as a non-party to the relevant contracts under the various theories asserted (e.g., equitable estoppel). Second, even if Defendant can enforce the arbitration provisions, the Court is not convinced that all Plaintiffs' claims are subject to arbitration under the terms of the agreements. Third, the Court is not convinced that Plaintiffs have not pled their claims with sufficient particularity. And, even if their pleadings are not sufficiently particular, Plaintiffs are likely correct that they will be given leave to amend. Accordingly, the Court is not convinced, after only a preliminary peek at the dispositive motions, that Plaintiffs cannot proceed on their claims in federal court.[2]

---

[1] As discussed in *Schrader*, 2021 WL 4810324, it is virtually impossible for the Court to be convinced that a defendant will succeed on his motion based on a preliminary peek.

[2] Defendant may, if he so chooses, file another motion to stay discovery based on the analytical framework discussed in *Schrader*, 2021 WL 4810324.

The Court will not, however, provide an in-depth analysis of its evaluation of the dispositive motions.

> The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

*Tradebay*, 278 F.R.D. at 603.

### IV. Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 16) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that the parties are to file a joint proposed discovery plan and scheduling order by October 20, 2022, unless Defendant files a motion to stay discovery before this date.

**IT IS FURTHER ORDERED** that the hearing scheduled for October 6, 2022 is vacated.

DATED: October 5, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE